

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

PETER W. BROCKER
*Assistant Corporation Counsel*
Phone: (212) 356-2332
Fax: (212) 356-3509
Email: pbrocker@law.nyc.gov

November 8, 2018

**BY ECF & HAND**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: *Anthony Harris v. PO Domenick Lagomarsine, et al.*
            18-CV-1822 (BCM) (LB)

Your Honor:

      I am an Assistant Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and I am the new attorney assigned to this matter as of today, November 8, 2018. (*See*, Dkt. No. 30). I write to bring to the Court's attention a threatening and disturbing series of phone messages from the *pro se* plaintiff that were left for the former attorney in this matter, Jacqueline C. Chavez ("Ms. Chavez"). (*See*, CD containing all seven voicemails, annexed hereto as "Exhibit A"). Those threatening voicemails are so severely inappropriate that they warrant immediate dismissal of this action, with prejudice.

      By way of background, this is an action, pursuant to 42 U.S.C. §1983, in which plaintiff brings claims for unlawful stop and frisk against two New York City Police Officers regarding an alleged incident that occurred on July 15, 2015. On November 7, 2018, at 9:30 a.m., an initial conference was held in this matter before Hon. Lois Bloom. Following the conference, Ms. Chavez attempted to discuss the matter with Plaintiff in the seating area outside of Judge Bloom's courtroom. Ms. Chavez at the time was sick, and had lost her voice. Plaintiff kept cutting Ms. Chavez off when she tried to speak. When Ms. Chavez asked him to let her finish her sentences, Plaintiff became irate. Plaintiff stated the conversation was over and stormed-off briefly, but then returned and proceeded to pace in the seating area outside of Judge Bloom's courtroom, waiting directly behind Ms. Chavez as she prepared to leave. Plaintiff followed Ms. Chavez to the elevators while he continued to shout at her, invading her personal space, threatening to spit on her, and refusing to let her get on an elevator. Ultimately, Plaintiff boarded an elevator while still shouting at Ms. Chavez, and Ms. Chavez waited for the next elevator.

      Several hours later, at approximately 4:15 p.m., Plaintiff called Ms. Chavez by telephone for the first of several times that evening. Ultimately, Plaintiff called Ms. Chavez 13 times and

left seven voicemails in a single evening. Recordings of Plaintiff's seven voicemails are included in the copies of this letter being delivered by hand to Chambers, and via overnight mail to Plaintiff.

In that first voicemail, Plaintiff is clearly irate, and after informing Ms. Chavez that "[she] doesn't know who [she's] dealing with" and that "[she] is dealing with the wrong person," Plaintiff goes on to make a death threat, stating that "It's not one person over here, it's two people over here. I'm going to show you, I'm going to really show you. I'm going to put you six-feet in the ground." (Ex. A, Harry, VM No. 1, at 1:28, et seq.). Later in that same voicemail, Plaintiff states, "You're dealing with the wrong one, I'm gonna smack you upside the head." (*Id.*, at 2:15, et seq.) Ms. Chavez did not respond to Plaintiff's voicemail, and mere minutes later, Plaintiff called her and again left a voicemail, stating that he was "going to disrespect [Ms. Chavez]" and that she can "have someone else assigned to this case, because [he is] going to fucking crack [Ms. Chavez's] skull open" (Ex. A, Harry, VM No. 2, at 1:26, et seq.). Plaintiff's later assertion that "it is a figure of speech" that he is going to crack Ms. Chavez's skull open in no way corrects for this third threat of physical violence in one afternoon. Ms. Chavez again did not respond to Plaintiff's voicemail, and he left two more ranting voicemails demanding, *inter alia*, respect from Ms. Chavez. (*See*, Ex. A., Harry VM Nos. 3 & 4). Plaintiff, in his fifth voicemail to Ms. Chavez informed her that he had also left voicemail(s) with Judge Bloom's chambers, in an obvious attempt to seize control of the narrative after his severe misconduct. (*See*, Ex. A., Harry VM No. 5).

That this fifth voicemail did not mean Plaintiff's misconduct was coming to an end was made plain by his sixth, and most profane, voicemail, received later in the evening on November 7th. Plaintiff opened that call by claiming that Ms. Chavez had "gotten an attitude" earlier, presumably referencing their conversation after the initial conference, which was the only time Ms. Chavez spoke to Plaintiff on November 7th. Plaintiff then rants that "if you want to talk about dick, and sucking dick, alright that's fine, how about you suck a dick? How's that? How about you suck a dick and get a dick up your ass you fucking ho? How's that you fucking bitch? You ugly looking piece of shit? How's that? How do you like that? Let that be a fucking reminder to you." (Harry, VM 6, at 00:16, et seq.). Needless to say, at no time had Ms. Chavez raised such a subject. Plaintiff's apparent threat of sexual violence marked Plaintiff's penultimate call to Ms. Chavez. In his final voicemail, before Ms. Chavez's voice-mailbox became full and could no longer accept Plaintiff's messages, Plaintiff discussed at length his views on a confidentiality stipulation previously proposed in this matter, without acknowledging his prior threats to kill, assault, and sexually assault Ms. Chavez. (*See*, Harry, VM No. 7).

Plaintiff's threats to kill, assault, and sexually assault Ms. Chavez, have caused her significant distress and constitute the type of conduct that warrants dismissal of this matter as a sanction. *See Cameron v. Lambert*, 2008 U.S. Dist. LEXIS 117399, (S.D.N.Y. Nov. 7, 2008) (dismissing a *pro se* plaintiff's complaint with prejudice due to plaintiff's threatening conduct in the course of a deposition); *Nelson v. Eaves*, 140 F. Supp. 2d 319, 322-23 (S.D.N.Y. 2001) (dismissing a complaint with prejudice when a *pro se* plaintiff wrote ten "abusive, demeaning, and threatening" letters over the course of two months to opposing counsel, which "reveal[ed] malice and an intent to harass"); *Sunegova v. Vill. of Rye Brook*, 2011 U.S. Dist. LEXIS 150399, at *22 (S.D.N.Y. Apr. 28, 2011) ("[d]eath threats directed at an opposing party and a witness are

sufficiently serious to warrant the sanction of dismissal.") (quoting *Kalwasinski v. Ryan*, 96 Civ. 6475, 2007 U.S. Dist. LEXIS 68736 (W.D.N.Y. Sept. 13, 2007)).[1]

Accordingly, in light of the severity of Plaintiff's threats, as well as Plaintiff's intimidating and threatening conduct after the initial conference, it is respectfully requested that the Court dismiss the action, with prejudice, and impose any further sanction that the Court deems appropriate. Should the Court require further briefing, the Defendants respectfully request the Court set a schedule for that briefing.

Furthermore, as a result of the conduct set forth herein, Plaintiff will not be admitted to any office of the Offices of the Corporation Counsel of the City of New York, and any attempt by Plaintiff to do so will be treated as a criminal trespass.

I thank the Court for its attention and consideration of this matter.

Respectfully submitted,

/s//

Peter W. Brocker
Assistant Corporation Counsel

cc: Hon. Lois Bloom (*by ECF & Hand with enclosures*)
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

cc: Anthony Harry (*Via Overnight Mail*)
*Pro Se Plaintiff*
89-54 218 Place
Queens Village, NY 11427

---

[1] Pursuant to Local Rule 7.2, all cases cited herein are being appended to the copy of this letter motion being sent to Plaintiff.